
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK D. FOLEY, | No.   15-16905 |
| Petitioner-Appellant, | D.C. No. 2:01-cv-00714-MCE-GGH |
| v. | |
| JAMES ROWLAND, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 18, 2017**
San Francisco, California

Before:  RAWLINSON and NGUYEN, Circuit Judges, and VANCE,*** District

Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Mark Foley (Foley), a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions. Foley contends that the trial court deprived him of his right to due process and a fair trial by instructing the jury on other crimes, his alleged discovery violation, and consideration of his courtroom demeanor as evidence. We affirm.

"We review a district court's decision on a petition for writ of habeas corpus de novo." *Hall v. Haws*, 861 F.3d 977, 988 (9th Cir. 2017) (citation omitted). "Habeas relief on a trial error claim is appropriate only if the error results in actual prejudice. . . ." *Id.* at 991 (citation and internal quotation marks omitted). "Under the [*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)] test for actual prejudice, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (citation and internal quotation marks omitted).

**1.** The California Court of Appeal's rejection of Foley's claim predicated on the admission of evidence of other crimes was not contrary to or an unreasonable application of Supreme Court authority. *See Estelle v. McGuire*, 502 U.S. 62, 73-74 (1991) (upholding an "other-offenses" instruction). In addition, the jury was instructed that the prosecution was required to prove Foley's guilt beyond a

reasonable doubt. Foley has failed to demonstrate that the jury's consideration of his other crimes had a "substantial and injurious effect or influence" on the verdict. *Hall*, 861 F.3d at 991.

**2.** The Court of Appeal acknowledged that the trial court erred in instructing the jury that the defense violated the discovery rules and that the jury could consider the defendant's courtroom demeanor as evidence. Nevertheless, the Court of Appeal's denial of relief on these claims was not contrary to or an unreasonable application of Supreme Court law. *See Estelle*, 502 U.S. at 75 ("[N]either the introduction of the challenged evidence, nor the jury instruction as to its use, so infused the trial with unfairness as to deny due process of law.") (citations and internal quotation marks omitted); *see also Hall*, 861 F.3d at 991 (requiring a showing of a "substantial and injurious effect" on the jury verdict to warrant habeas relief).

Absent this showing of "actual prejudice," *Hall*, 861 F.3d at 991, Foley has failed to establish that the trial court's other-crimes, discovery-nondisclosure, and nontestimonial-demeanor instructions were contrary to, or involved an unreasonable application of, clearly established Federal law. *See Hedlund v. Ryan*, 854 F.3d 557, 565 (9th Cir. 2017), *as amended*.

**AFFIRMED.**

3